UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.    **CV 19-3793-JFW(GJSx)**                                                Date: May 6, 2019

Title:     Cynthia Nicholson -v- Johnson and Johnson, et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

The Court has reviewed the Notice of Removal filed by Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, "Defendants") on May 2, 2019. Docket No. 1. Defendants are attempting to remove an action commenced by Plaintiff Cynthia Nicholson ("Plaintiff") in Santa Clara County Superior Court on July 25, 2018. Defendants assert that this Court has subject matter jurisdiction on the basis of a pending bankruptcy proceeding in the District of Delaware. See 28 U.S.C. § 1452(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the parties invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any

equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." *Id.* Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes . . . At bottom, the question is committed to the sound discretion of the . . . judge." *McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*In re TIG Ins. Co.*, 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (*citing W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal. 1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010) (*quoting In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

In this case, Plaintiff sued Defendants and Imerys Talc America, Inc. ("Imerys"), the talc powder supplier, in state court for allegedly exposing Plaintiff to cancer-causing talcum powder. Plaintiff claims the talcum powder caused Plaintiff's ovarian cancer. On February 13, 2019, Imerys commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. Defendants argue that this case is related to that bankruptcy pursuant to 28 U.S.C. § 1334, and thus, that the Court has jurisdiction under Section 1452. Even if the Court may have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Plaintiff, a California resident, commenced this action in state court on July 25, 2018. Under these circumstances, the Court concludes that it would be inequitable to require a local Plaintiff to litigate her case in an inconvenient, out-of-district federal court. Plaintiff would be further prejudiced by the removal of this action to federal court considering this action has been developing in state court for over nine months. Furthermore, this case has been the subject of statewide coordinated proceedings with hundreds of other actions in state court in which plaintiffs have claimed Defendants' talcum powder caused the users' ovarian and/or fallopian tube cancer and resulting personal injury and wrongful death. *See* Judicial Council Coordination Proceedings, Case. No. 4872 "Johnson & Johnson Talcum Powder Cases." The Johnson & Johnson Talcum Powder Cases have been coordinated since August 2016, and this action was added to the coordinated cases on October 1, 2018, over seven months ago. Coordination of the pretrial proceedings for these actions has greatly benefitted all parties by ensuring that these actions move forward efficiently, including by allowing plaintiffs to file a standardized, master complaint and creating the mechanism for coordinating discovery. Coordinating these actions also helps to avoid

inconsistent rulings, which additionally weighs in favor of this Court exercising its discretion to remand this action.

Because Plaintiff asserts only California state law claims against Defendants, comity also favors remand. *See Estate of Scott v. Cervantes*, 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); *see also McCarthy*, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law."). Finally, judicial economy supports remand. The state court has already considered these state law claims for over nine months, so litigating this case in federal court will needlessly duplicate judicial resources.

For all of the foregoing reasons, the equities favor remanding this action. Accordingly, this action is remanded to the Los Angeles County Superior Court, Case No. JCCP4872.

IT IS SO ORDERED.